# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 10-00088-KD |
| | ) |
| SHEDRICK MARKAEL ROGERS, | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on defendant's motion for a Privacy Act order regarding subpoena directed to the Custodian of Records at Miami Federal Detention Center (doc. 47). Defendant moves the Court to enter an order in compliance with the Privacy Act, 5 U.S.C. § 552a, to order the Custodian of Records to provide defendant's records to the defendant's counsel. Defendant argues that the "Federal Bureau of Prisons has informed Defendant that it is barred by the Privacy Act from releasing the records at issue, unless Defendant were to obtain a court order authorizing their release" and therefore, this Court should enter the order so that the Federal Detention Center in Miami may "comply with the subpoena without the potential of running afoul of the Act."

The relevant part of the Privacy Act sets forth as follows:

(b) Conditions of disclosure.--No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be—

(11) pursuant to the order of a court of competent jurisdiction[.]

5 U.S.C. § 552a(b)(11).

The Act plainly states that the records may be disclosed by written request by defendant

Rogers or with his prior written consent, since he is the "individual to whom the record pertains". Despite the representation that the BOP needs a court order to release the records subpoenaed, if defendant is willing to make a written request to the BOP for his own records and give written consent for their release to his defense counsel, the Court sees no reason why an order is necessary. *Cf. Sawyer v. Town of Montreat,* 2008 WL 3211281 (W.D.N.C., August 6, 2008) (entering order authorizing the United States Postal Service to release information covered by plaintiff's written consent because postal regulations preclude release based upon plaintiff's written consent); *cf. also Christy v. United States,* 68 F.R.D. 375, 378 (N.D.Tex. 1975) (government refused to release an inmate's records to a third party because of "the Bureau of Prisons' long standing policy contained in its Policy Statement No. 2211.1A, Part 4.d, to the effect that third parties who request inmate records may not obtain them until and unless the inmate signs a release."). Moreover, there appears to be a process by which defendant Rogers may request access to his individual records under the Privacy Act. *See* 28 C.F.R. § 16.40, *et seq*.

Accordingly, the motion for an order pursuant to the Privacy Act is **DENIED**.

**DONE** and **ORDERED** this the 28th day of December, 2010.

/s / Kristi K. DuBose
**KRISTI   K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**